```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | NO. 93-10291-WGY |
| JOHN HOULIHAN, ) | |
| Defendant. ) | |

ORDER

YOUNG, D.J.                                           November 6, 2024

Petitioner John Houlihan's ("Houlihan") Motion Invoking This Court's Ancillary Jurisdiction to Address Lack of Subject Matter Jurisdiction in Original Proceedings, ECF No. 1140, is DENIED without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h), because it is in substance an unauthorized second or successive 28 U.S.C. § 2255 motion. Houlihan has already filed an unsuccessful Section 2255 motion in this matter, which was denied in 1998. See Houlihan v. United States, No. 97-cv-11949, Motion to Vacate Under 28 U.S.C. § 2555, ECF No. 1; id., Order Denying Motion to Vacate, ECF No. 6; see also United States v. Houlihan, No. 93-cr-10291, USCA Judgment, ECF No. 1076 (treating previous appeal from Amended Judgment as second or successive petition). Pursuant to Section 2255(h), "a second or successive [2255] motion must be certified

. . . by a panel of the appropriate court of appeals" as meeting certain statutory prerequisites before it may be entertained by this Court.  28 U.S.C. § 2255(h); see also First Cir. Local Rule 22.1(a) ("Any petitioner seeking to file a second or successive petition for relief pursuant to 28 U.S.C. §§ 2254 or 2255 must first file a motion with this court for authorization."). Houlihan's motion has not been certified by the First Circuit, and therefore it is an unauthorized second or successive petition.

Accordingly, Houlihan's motion, ECF No. 1140, is DENIED without prejudice for lack of jurisdiction.  Pursuant to Fist Circuit Local Rule 22.1(e), the Court does not find that it is in the interest of justice pursuant to 28 U.S.C. § 1631 to transfer the motion to the First Circuit.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE